

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

DEC 16 2005

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| PAVIT VIT XAYPHANTHO, | CIV 05-3022 |
| Petitioner, | |
| | ORDER AND OPINION ON |
| -vs- | MOTION TO VACATE |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant pleaded guilty to conspiracy to distribute methamphetamine and was sentenced to 125 months imprisonment on August 30, 2004. He did not appeal his conviction or sentence.

Defendant has filed a motion to vacate, set aside, or correct his sentence. He contends that (1) I erred in failing to award a three level reduction for acceptance of responsibility, (2) I erred in basing his sentence on a drug quantity not contained in the plea agreement or factual basis statement, and (3) his counsel was ineffective for failing to challenge or object to the previous two sentencing issues.

Petitioner's motion as to the sentencing issues is procedurally defaulted. Petitioner waived, as part of his plea, "any right to appeal any and all motions, defenses, probable cause determinations, and objections which he has asserted or could assert to this prosecution, and to the Court's entry of judgment against him and imposition of sentence, including sentence appeals under 18 U.S.C. § 3742."[1] A promise made in a plea agreement to waive appeal rights is binding upon petitioner and "is enforceable if (1) the appeal sought is within the scope of the waiver, (2) the waiver was knowing and voluntary, and (3) the enforcement of the waiver will not result in a

---

[1] He reserved the right to appeal an upward departure from the Sentencing Guidelines. No upward departure was imposed. I held that the Sentencing Guidelines were not binding (a holding later validated by the United States Supreme Court's opinion in United States v. Booker, 125 S.Ct. 738 (2005)) and did not apply. I instead imposed sentence taking into consideration the Guidelines and also taking into account the purposes of sentencing set forth in 18 U.S.C. § 3553.

miscarriage of justice." United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003). Petitioner does not address the appeal waiver contained in his plea agreement, so there is no contention that the waiver is unenforceable. To the contrary, a review of the record compels the conclusion that his appeal waiver must be enforced. The waiver language in the plea agreement is clear. Petitioner testified at his change of plea hearing that he fully understood he was waiving very important rights and that he fully understood what he was waiving. Petitioner does not contend that his waiver was made unknowingly or involuntarily. He was warned by this Court in no uncertain terms what important rights he was waiving. Accordingly, that waiver may be specifically enforced.

Failure to raise an issue on direct appeal bars petitioner from raising the issue for the first time in a section 2255 habeas corpus proceeding. Reid v. United States, 976 F.2d 446, 447 (8th Cir.1992). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). Thus, if a criminal defendant fails to exercise his right to appeal, he has waived his right to collaterally challenge the conviction and sentence in a § 2255 civil proceeding.

Petitioner's ineffective assistance of counsel claim is that counsel failed to object to failure to award the three level reduction for acceptance of responsibility or to the drug quantity used for sentencing. That claim is patently frivolous. Defense counsel filed objections as to those very issues and argued those issues at the sentencing hearing.

It plainly appears from the face of the motion that the movant is not entitled to relief. Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Accordingly,

IT IS ORDERED that the motion to vacate is denied and this matter is dismissed.

Dated this 15th day of December, 2005.

BY THE COURT:

CHARLES B. KORNMANN
U.S. District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Barbara J. Daephc
     DEPUTY
(SEAL)